EASTERN DIST.
*April,* 1838.

OLNEY
*vs.*
WALKER.

dily or mental vices and maladies, which discover themselves within fifteen days after the sale of slaves, recently brought into the state, are presumed to have existed on the day of sale, and give rise to the redhibitory action.

So, where a slave was taken sick within twelve days after the sale, and died, and the proof rather tended to show that the disease existed before or at the sale: *Held*, that the seller was bound to restore the *price* to the buyer.

By an act of the legislature, approved the 2d January, 1834, it is provided, that if any redhibitory, bodily, or mental maladies, discover themselves within fifteen days after the sale, it shall be *presumed* to have existed on the day thereof; and the act is declared to have its effect from its passage. As twelve days only elapsed between the sale and the death, the plaintiff contends the sale must necessarily be rescinded. But the defendant has urged, that he has shown by the testimony of the doctor, whom he had employed to attend his slaves, that the malady did not exist before the sale; and his counsel has contended, that the presumption of which the act speaks, is not that *juris et de jure,* which cannot be destroyed by proof; but the simple presumption which stands until the contrary be proved. *Stabit presumptio donec contrarium probatur.* It has appeared to us useless to inquire, whether the distinction contended for, exists; because a close examination of the evidence, has not enabled us to conclude that the defendant has succeeded in his attempt to show that the disease did not exist before the sale, while the testimony of the doctors employed by the plaintiff, rather tends to establish the fact that the disease did exist before.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

---

OLNEY *vs* WALKER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

All creditors of an insolvent debtor, residing out of the state at the time of the surrender, or *cessio bonorum,* are represented by the attorney of the *absent* creditors.

The attorney at law of an absent creditor, in his suit against the debtor, does not possess the faculty of representing him in the *concurso* of creditors after a *cessio bonorum.*

This suit was instituted the 14th of May, 1835, against the defendant, as the first drawer of a promissory note, for one thousand and forty-four dollars and forty-five cents, payable four months after date, to the order of John M'Laughlin, dated the 8th January, 1835, and endorsed by the payee in blank.

The defendant was held to bail, and gave bond with a surety, not to depart from the state without leave of the court, etc.

The plaintiff styles himself a resident of Vincennes, in the state of Indiana, but at the time of bringing suit was present in New-Orleans. He prays judgment, etc.

The defendant pleaded a general denial, and averred that the note sued on was given for the purchase of a steamboat, with regard to which the drawers entered into a particular partnership, and that he can only be liable in any event, for one-fourth part thereof; but that he is not liable, because the boat proved to be worth nothing.

On the 5th April, 1837, the defendant's counsel took a rule on the counsel for the plaintiff, to show cause why the surety in the bail bond should not be discharged, and the bond cancelled, the defendant having been admitted by a judgment of the court, to the benefit of the insolvent laws, for the relief of insolvent debtors in actual custody.

Nothing was granted on this rule.

The defendant then pleaded a peremptory exception, and set up, as a bar to this action, the proceedings and judgment of a suit, in which the defendant had made a voluntary surrender to his creditors, which had been accepted.

On these pleadings and issues the case was tried.

The plaintiff's claim was placed on the bilan, and an attorney to the absent creditors appointed.

The district judge decided as follows :

" The insolvent proceedings are pleaded as a bar to any further proceedings in this suit.

" The question raised by the counsel of Olney, is, that inasmuch as the suit of Olney *vs.* Walker, was pending when the insolvent proceedings were commenced, notice of

the meeting of the creditors ought to have been served on Olney's attorney in that suit.

" The object of prosecuting the suit against Walker, is obviously to pursue the bail ; Walker being a non-resident.

" The old code, page 434, article 14, continues to regulate this matter under the 8th section of the act of 1817, and prescribes, that process must be issued to creditors to attend, if they live in the parish where said meeting shall take place.

" The power of an attorney at law is limited to the prosecution of the suit. He could not compromise, grant time, accept a surrender, vote or do any act at the meeting of creditors. Even if a service of notice or citation on an attorney in fact was good, an attorney at law for the prosecution of the debt, is not such an attorney in fact, on whom service of such notice would be valid, if, for instance, the creditor lived out of the parish, but in the state ; there was an attorney of absent creditors who represented Olney.

" It is, therefore, considered, that there be no further proceedings in this suit, by reason of the insolvent proceedings of the defendant, Charles Walker, and that plaintiffs pay any costs caused by the prosecution of this suit, after the 31st October, 1835."

From this judgment the plaintiff appealed.

*G. B. Duncan,* for the plaintiff, contended, that the judgment should be reversed, because the insolvent proceedings form no bar to this suit ; and that they are in fraud of the plaintiff's rights, and can have no effect against him, as neither he or his attorney were notified thereof.

*Preston, contra.*

*Martin J.,* delivered the opinion of the court.

In this case, the defendant having made a cession of goods, since the institution of this suit, prayed that no farther proceedings should be had therein. The plaintiff was obviously proceeding with a view of attacking the bail.

The plaintiff, who describes himself as a resident of Indiana, but as being at the time in New-Orleans, opposed this motion, on the ground that no notice of the *concurso* had been served on his attorney in the suit, and he is appellant from the judgment which sustains the motion.

- It does not appear to us, that he has any right to complain. Being a resident of another state, and it not appearing that he was still in New-Orleans at the time of the cession, he was necessarily represented by the attorney of the absent creditors. His attorney in the suit did not possess the faculty of representing him in another suit. He could not have voted for syndics, made a compromise, accept a surrender, grant time, or do any act which an attorney in fact, specially authorized to represent the plaintiff at the meeting of the creditors, could have done.

The Civil Code of 1808, page 434, article 14, continues to regulate this matter, under the 8th section of the act of 1817, and prescribes, that process must be issued to creditors to attend, if they live in the parish where such meeting shall take place.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*

EASTERN DIST.
*April,* 1838.

All creditors of an insolvent debtor, residing out of the state at the time of the surrender, or *cessio bonorum,* are represented by the attorney of the *absent* creditors.

The attorney at law of an absent creditor, in his suit against the debtor, does not possess the faculty of representing him in the *concurso* of creditors, after a *cessio bonorum.*